IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| KEVIN TOWNER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. C10-0091<br><br>RULING ON MOTION TO DISMISS |

This matter comes before the Court on the Motion to Dismiss (docket number 11) filed by the Commissioner of Social Security ("Commissioner") on July 6, 2011, and the Resistance (docket number 12) filed by Plaintiff Kevin Towner on July 25, 2011. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On December 9, 2010, Plaintiff Kevin Towner filed an Application to Proceed *in Forma Pauperis*. Attached to the application was a complaint prepared by his attorney, Melissa A. Nine, seeking judicial review of a decision by the Commissioner of Social Security, denying Towner's application for disability benefits. The application was granted by the Court in an Order filed on the same day. Accordingly, the Complaint (docket number 4) was filed on December 9, 2010.

On June 7, 2011, the Commissioner filed an "Unopposed Motion to File Answer Out of Time" and an "Unopposed Motion for Extension of Time to Answer or Otherwise Plead." According to the motions, the Commissioner's answer was due on June 6, 2011. In his motion for extension – which was filed out-of-time – the Commissioner asked for a 30-day extension of time in which to answer or otherwise plead. According to the

motions, Towner's attorney had no objection.[1] The motion for extension of time was granted, with the deadline for the Commissioner to answer or otherwise plead extended to July 6, 2011.

On July 6, 2011, the Commissioner filed the instant motion to dismiss. The Commissioner notes that the complaint was filed one day after the deadline established by 42 U.S.C. § 405(g), and asks that the complaint be summarily dismissed. In his resistance, Towner concedes that the complaint was filed one day late. Towner argues, however, that equitable tolling principles preclude summary dismissal.

## II. RELEVANT FACTS[2]

### A. Application for Benefits and Adverse Decision

On January 22, 2009, Towner filed applications for Title II disability benefits and Title XVI supplemental security income benefits. The claims were denied initially on May 8, 2009, and upon reconsideration on July 9, 2009. Towner then filed a written request for a hearing. On October 23, 2009, a hearing was held before Administrative Law Judge Marilyn P. Hamilton. In a decision dated November 25, 2009, Judge Hamilton concluded that Towner was not disabled.[3] Towner asked for a review of the decision. On October 4, 2010, the Appeals Council denied Towner's request for review and sent him a notice, indicating that the ALJ's decision was the final decision of the Commissioner.[4]

---

[1] By that time, attorney Thomas A. Krause had appeared on Towner's behalf.

[2] The Commissioner attached a "declaration" to his motion to dismiss, and Towner responded with three "declarations" attached to his resistance. In a Notice filed by the Court on August 2, 2011, the parties were advised that the motion to dismiss was being converted by the Court to a motion for summary judgment, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(d). The relevant facts are taken from the pleadings and various attachments.

[3] *See* Decision of ALJ Marilyn P. Hamilton (docket number 11-2 at 8-22).

[4] *See* Notice of Appeals Council Action (docket number 11-2 at 31-36).

The notice further advised Towner that "[y]ou may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live."[5] The notice also advised Towner of the time within which the action must be filed:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*See* Notice of Appeals Council Action at 2 (docket number 11-2 at 32).

Towner concedes that he received timely notice of the Appeals Council decision. Towner also admits that the deadline for filing a complaint seeking judicial review was December 8, 2010. Towner asserts, however, that despite diligent efforts made on his behalf, the complaint could not be filed on that day. As noted above, the complaint was filed on December 9.

## B. *Filing Complaint for Judicial Review*

In support of his argument, Towner submitted sworn declarations by Jo Ruff, Amy Bair, and Thomas A. Krause. On December 8 – the deadline for filing the complaint – it was "discovered" that attorney Melissa Nine, who was representing Towner at that time, did not have a "login and password" for the electronic filing system with the federal district court, "at least not one that anyone had record of." Accordingly, Ruff was

---

[5] *Id.* at 32.

3

instructed to work with Bair, who was experienced with CM/ECF, to obtain a login and password for Nine.[6] Initially, they contacted the Clerk of Court for the United States District Court for the Southern District of Iowa, because Bair "was more familiar with the Southern District." After obtaining a user name and password, they tried to open a new case, "but were always asked for a case number as if we had already started the case." Ruff declares that "[w]e deal more in the Southern District and the Northern District site is very different."[7]

Ms. Ruff and Ms. Bair then contacted the Clerk of Court for the Northern District of Iowa, but "were not successful getting it filed on-line."[8] According to Ruff, "[w]e called the Clerk of the Northern District again to stress that we needed to file it that day to meet the deadline, and that is when we were told to mail the documents over night and she would look for them and it would be okay to file them that way."[9] According to Ruff, "[w]e were never told that we could fax or e-mail the cover sheet and they would open the file and give us a number."[10]

In her declaration, Ms. Bair states that when she attempted to file the matter on line, "there was no option for me to start a new social security or civil matter."[11] Bair states that "Chad Frese had also looked at this and cold [sic] not figure out where to start a new

---

[6] While the declarations are not explicit in this regard, it would appear from Towner's memorandum that Jo Ruff and Amy Bair are staff members at the law firm of Kaplan, Frese & Nine.

[7] See Declaration of Jo Ruff (docket number 12-1), ¶ 4.

[8] Id. at ¶ 5.

[9] Id. at ¶ 6.

[10] Id. at ¶ 7.

[11] See Declaration of Amy Bair (docket number 12-2), ¶ 4.

4

case."[12] Chad Frese, who is another attorney in the Kaplan law firm, also tried "after hours" to open the case, but without success.[13]

In his declaration, attorney Thomas A. Krause states that he was not involved in the case until January 2011. According to Krause, he is generally able to rectify any filing problems by calling the help desk at the clerk's office. In response to the instant motion, Krause called the clerk's office in Cedar Rapids and was informed "that a civil cover sheet could have been faxed to [sic] e-mailed to the Clerk's office to open a case."[14]

### III. DISCUSSION

Any individual disputing a final decision of the Commissioner of Social Security "may obtain a review of such decision by civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Implementing regulations extend the time to file, however, to 60 days after notice of the adverse decision is *received*. 20 C.F.R. § 422.210(c). *See also Bess v. Barnhart*, 337 F.3d 988, 989 (8th Cir. 2003) (noting that the regulations are "more lenient" than the statute). The Commissioner presumes the notice was received five days after the appeals council's notice of denial of request for review, unless there is a reasonable showing to the contrary. *Id.* Thus, a Complaint disputing the appeals council's decision must be filed within 65 days after the date on the notice. *See id.* In this case, the parties agree that the deadline for filing the action for judicial review was December 8, 2010.

The 60-day requirement in 42 U.S.C. § 405(g) is not jurisdictional in nature, but constitutes a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328, n.9 (1976); *Weinberger v. Salfi*,

---

[12] *Id.*

[13] *See* Declaration of Jo Ruff (docket number 12-1), ¶ 9.

[14] *See* Declaration of Thomas A. Krause (docket number 12-3), ¶ 7.

422 U.S. 749, 763-74 (1975)). As with most statutes of limitation, equitable tolling principles may preclude enforcement of the limitations period. *Id.* at 480. However, if a decision is not appealed within the 65-day period, and the equities do not support tolling the statute of limitations period, then the case must be dismissed. *See Bess v. Barnhart*, 337 F.3d 988 (8th Cir. 2003); *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988).

Towner concedes that the Complaint was not timely filed, but argues that the equities support tolling the statute of limitations period to allow judicial review of the Appeals Council's decision. Specifically, Towner argues that his efforts to file the complaint on December 8, 2010, coupled with the clerk's failure to "inform Mr. Towner's attorney and staff of a simple solution to timely filing," justifies a tolling of the limitations period. The parties cite two Eighth Circuit cases which have addressed equitable tolling principles in the context of a social security appeal.

In *Turner v. Bowen*, *supra*, an illiterate farm worker who had no education of any kind, filed an application for disability insurance benefits. At the hearing, he was represented by a state representative, who was not an attorney. The Appeals Council denied review of an ALJ's adverse decision, and notice was sent to Turner and to his representative. Turner sent the letter to the offices of a United States senator, who informed Turner that "the next step would be to file a complaint in federal district court." 862 F.2d at 709. Turner did not contact an attorney until more than four months later, at which time the attorney requested the Appeals Council to reverse its decision or extend the time for filing a civil action. The requests were denied, and Turner then filed a complaint in federal district court. Turner argued that the court should toll the 60-day statute of limitations. The district court rejected the argument, and the Eighth Circuit Court of Appeals affirmed.

In concluding that the circumstances did not justify tolling the statute of limitations, the Court observed that "[g]enerally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or

6

fraudulent." *Id.* at 710. "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or a clandestine way." *Id.* (quoting *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988)). There was no evidence that the government took any action to mislead Turner or otherwise prevent him from pursuing a timely appeal. "Ignorance of legal rights does not toll a statute of limitations." *Id.* (quoting *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)).

More recently, the Court rejected a tolling argument in *Bess v. Barnhart, supra*. There, notice of the Appeals Council's adverse decision was sent to Bess, at his last known address, and his attorney. His attorney received timely notice of the decision, but because he had failed to inform the Social Security Administration of his new address, Bess did not receive the decision until nearly 16 months later. The district court subsequently dismissed his action for judicial review as untimely.

In affirming the district court, the Eighth Circuit Court of Appeals first concluded that "notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Id.* at 990. The Court also concluded that "equitable tolling of the limitations period is not justified in this case." *Id.* Citing *Turner v. Bowen*, the Court noted that "equitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or a clandestine way." *Id.*

The Government also cites a case from the Sixth Circuit, where a social security appeal was dismissed after the complaint was filed one day late. In *Cook v. Commissioner of Social Security*, 480 F.3d 432 (6th Cir. 2007), the Appeals Council's notice of denial of review was dated July 27, but was mailed in an envelope postmarked on July 28. Cook first argued that the 65-day period to file was commenced on July 28, rather than July 27. The Sixth Circuit Court of Appeals rejected that argument, holding that the filing period is calculated from the date on the notice itself. *Id.* In addition, the Court concluded that

Cook was not entitled to relief under equitable tolling principles. The Court noted that the Appeals Council's notice specifically informed him of the time limitations for filing an action with the district court. Unlike the instant action, Cook did not present any evidence regarding why the deadline could not be met. While the Court acknowledged that there was no real prejudice to the commissioner, it emphasized the importance of requiring compliance with filing deadlines. *Id.* at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline would create havoc in the system.").

While the parties have not cited any cases in which a party invoked equitable tolling principles following difficulty with the electronic filing system, the Court's research has found a few:

In *Johnson v. Astrue*, 2010 WL 2365527 (N.D.W.Va. 2010), the court considered equitable tolling in a Social Security appeal, where the plaintiff failed to file her complaint by the statutory deadline. The plaintiff had until July 8, 2009, to file her complaint seeking review of an adverse decision. On July 2, 2009, the plaintiff's counsel faxed a Civil Cover Sheet and the first page of her complaint to the Clerk's Office. Later that same day, the plaintiff's attorney provided credit card information to the Clerk's Office for purposes of paying the filing fee, and re-faxed the Civil Cover Sheet with corrections. The Clerk docketed the corrected Civil Cover Sheet and a Notice of Electronic Filing ("NEF") was emailed to Johnson's attorney. The NEF stated:

> CIVIL COVER SHEET. Filing fee paid and case opened as of this date. Attorney directed to electronically file case opening documents.

*Id.* at *1. On July 9, 2009, one day after the limitations period expired, the court entered an order directing counsel to appear and show cause as to why the action should not be dismissed for failure to file a complaint. The next day, on July 10, 2009, the plaintiff filed

her complaint. On March 10, 2010, the Commissioner filed a motion to dismiss the complaint as untimely. In response, the plaintiff argued that the statute of limitations should be equitably tolled "due to the misunderstanding of counsel about the actual electronic filing of the original complaint," and because "she had reasonable ignorance regarding electronic filing." *Id.* at *2.

The court in *Johnson* concluded that "[t]he circumstances of this case do not justify equitable tolling. The unfamiliarity of the plaintiff's counsel with electronic filing is insufficient to remove this case from the garden variety of attorney error or neglect cases, which courts generally hold are inappropriate for equitable tolling." *Id.* at *3 (citing *Davila v. Barnhart*, 225 F. Supp.2d 337, 339 (S.D.N.Y. 2002)). Specifically, the court reasoned that:

> Even assuming the plaintiff demonstrated diligence, she has not shown an extraordinary circumstance that was outside of her counsel's control. That her counsel's unfamiliarity with electronic filing led to the mistaken belief that her Complaint had been timely filed is no extraordinary circumstance. . . . Even if extraordinary, this circumstance was not one outside of counsel's control. This remains true even when considering that the NEF indicated the case had been 'opened as of 07/02/2009.' . . . To the contrary, ***counsel's decision to represent a plaintiff in federal court obligated her to become familiar with electronic filing***.

*Id.* (emphasis added).

The court in *Townsley v. Astrue*, 2008 WL 1897598 (M.D. Fla. 2008) reached a similar conclusion. In August 2006, the plaintiff timely filed a complaint seeking review of an adverse decision. In December 2006, the court issued a show cause order as to why plaintiff's complaint should not be dismissed without prejudice for failure to timely serve the complaint and summons on the defendant. The plaintiff did not respond to the court's show cause order, and the court dismissed the plaintiff's complaint without prejudice. In July 2007, the plaintiff filed a new complaint. According to the plaintiff, the action was "'commenced within the appropriate time period set forth in the action of the Appeals

Council on Request for Review dated June 7, 2006, save and except said cause was previously dismissed 'without prejudice.'" *Id.* at *1. The Commissioner moved to dismiss the complaint as untimely. In response, the plaintiff asserted that the delay in filing the complaint was due to "the lack of effective communication with the Clerk of Court and Counsel's recent exposure to electronic filing." *Id.* at *2.

The court in *Townsley* determined that counsel's unfamiliarity with the court's filing system did not entitle the plaintiff to an equitable tolling of the statute of limitations. *Id.* at *5. The court concluded that:

> In sum, Townsley has not shown that, despite due diligence, extraordinary circumstances prevented him from filing a timely complaint. Townsley failed to prove that Defendant or the clerk's office engaged in any affirmative conduct to mislead him or prevent him from filing his complaint within the statute of limitations period.

*Id.*

On the other hand, in *Stinson v. Commissioner, Social Security Administration*, 2009 WL 48108 (D. Idaho 2009), the court found that equitable tolling principles were applicable to the plaintiff's difficulties with electronic filing. Initially, the plaintiff timely filed a petition for review. The Commissioner filed a motion to dismiss, however, because the petition was not timely served. The court dismissed the petition without prejudice. Even before the first action was dismissed, the plaintiff filed a second petition for review. The Commissioner filed a second motion to dismiss, this time asserting the petition was untimely.

In arguing the applicability of equitable tolling, the plaintiff explained that her failure to properly effectuate service was the result of misunderstanding the electronic filing system, and erroneously believing that the Commissioner "would be electronically notified, in lieu of service, of [her] filing." *Id.* at *1. The court noted that when considered in isolation, the plaintiff's reasoning "may not necessarily rise to the requisite level of extraordinary/exceptional circumstances, [but] when considered with the balance

of the surrounding events, the combination of conditions arguably warrant application of equitable tolling principles here." *Id.* Specifically, the court found that:

> [W]ithin weeks of receiving the Appeals Council's denial of Petitioner's request for review of the ALJ's decision, Petitioner filed her first Petition for Review . . . well within the sixty (60)-day limitations period. Likewise, almost immediately after Magistrate Judge Boyle recommended that Petitioner's original case be dismissed without prejudice, . . . Petitioner filed her second Petition for Review. Certainly Petitioner had more efficient ways of preserving her claims; her failure to take advantage of them, however, should not operate here to forestall an opportunity to resolve her claims on the merits.

*Id.* Accordingly, the court found that the statute of limitations was equitably tolled.

Here, Towner concedes that his complaint was not timely filed. Towner maintains, however, that the equities support tolling the statute of limitations period to allow judicial review of the Commissioner's decision denying disability insurance benefits and supplemental security insurance benefits. Specifically, Towner argues that his efforts to timely file the complaint on the final day of the statue of limitations period, coupled with the clerk's failure to "inform Mr. Towner's attorney and staff of a simple solution to timely filing," justifies a tolling of the limitations period. The Court disagrees.

Contrary to Towner's assertions, miscommunication between Towner's counsel and the clerk's office, and unfamiliarity on the part of Towner's counsel with electronic filing, are not extraordinary circumstances entitling Towner to a tolling of the limitations period. *See Turner*, 862 F.2d at 710 ("Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent."); *Johnson*, 2010 WL 2365527 at *3 ("The unfamiliarity of the plaintiff's counsel with electronic filing is insufficient to remove this case from the garden variety of attorney error or neglect cases, which courts generally hold are inappropriate for equitable tolling."); *Townsley*, 2008 WL 1897598 at *5 ("[T]he fact that Townsley's counsel is

11

allegedly unfamiliar with the court's filing systems does not entitle Townsley to an equitable tolling of the statute of limitations.").

Furthermore, unlike *Stinson*, where the plaintiff filed her complaint less than one month after receiving notice from the Appeals Council, and filed her second complaint prior to dismissal of the first complaint for failure to properly serve the initial complaint, Towner waited until the last possible day to file his complaint. By waiting until the last minute, when Towner encountered difficulties with the electronic filing system, it ultimately caused his complaint to be untimely filed. It cannot be said that "some extraordinary circumstance stood in his way" of filing his complaint timely. *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009). Rather, Plaintiff's noncompliance stems from his attorney's lack of knowledge regarding electronic filing. Because an attorney's decision to represent a plaintiff in federal court obligates him or her "to become familiar with electronic filing," difficulties with electronic filing do not justify equitable tolling of the statute of limitations. *Johnson*, 2010 WL 2365527 at *3; *see also Townsley*, 2008 WL 1897598 at *5 (unfamiliarity with electronic filing does not entitle a plaintiff to equitable tolling of the statute of limitations).

Moreover, Towner has failed to prove that the government or the clerk's office "engaged in any affirmative conduct to mislead him or prevent him from filing his complaint within the statute of limitations period." *Townsley*, 2008 WL 1897598 at *5; *see also Turner*, 862 F.2d at 710 ("'Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way.' *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988)[.]"). At most, the clerk's office failed to volunteer a process which may have permitted Plaintiff to comply at the last minute. Therefore, the Court concludes that Towner has failed to show extraordinary circumstances prevented him from filing a timely complaint, thereby justifying an equitable tolling of the limitations period. Because there is no genuine dispute as to any material fact, and because equitable tolling does not afford

Plaintiff any relief, the Court determines that the Commissioner is entitled to summary judgment, and Towner's complaint is hereby dismissed.[15]

### IV. ORDER

IT IS THEREFORE ORDERED that the Respondent's Motion to Dismiss (docket number 11) is hereby **GRANTED**. The Complaint (docket number 4) is **DISMISSED**.

DATED this 31st day of August, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[15] *See* FEDERAL RULE OF CIVIL PROCEDURE 56(a).